1 | Dave Carothers, State Bar No. 125536
Cindy R. Caplan, State Bar No. 203868
2 | CARLTON DiSANTE & FREUDENBERGER LLP
4510 Executive Drive
3 | Suite 300
San Diego, California 92121
4 | Telephone: (858) 646-0007
Facsimile: (858) 646-0008
5 | E-Mail: dcarothers@cdflaborlaw.com
       ccaplan@cdflaborlaw.com
6
7 | Attorneys for Defendant
FERRELLGAS, INC. and FERRELLGAS, L.P.

FILED

2008 FEB -1 AM 11: 32

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ѴΛѴΛ_____DEPUTY

8                     UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10                                          '08 CV 0196 JLS BLM

11 | RUDOLPH PADILLA,                 )   Case No. _____
12 |             Plaintiff,           )   (San Diego Superior Court . 37-2007-
                 v.                   )   00080518-CU-WT-NC)
13 |                                  )
FERRELLGAS, INC., a corporation;     )   **NOTICE OF REMOVAL OF ACTION:**
14 | FERRELLGAS, L.P.; and DOES 1 to 10, ) **UNDER 28 U.S.C. SECTION 1332, 1441**
Inclusive,                           )   **AND 1446**
15 |                                  )
                 Defendant.          )
16 |_____)

1    Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Ferrellgas, Inc. and Ferrellgas,

2  L.P., (collectively "Ferrellgas") hereby remove this action, Case No. 37-2007-00080518-CU-WT-

3  NC from the Superior Court of the State of California, County of San Diego, North County Judicial

4  District (the "State Court Action") to the United States District Court for the Southern District of

5  California.  As grounds supporting removal, Ferrellgas states as follows:

6                                          **BACKGROUND**

7    1.    Plaintiff filed the State Court Action against Defendants Ferrellgas, Inc., Ferrellgas,

8  L.P. and Does 1 to 10, in the Superior Court of the State California, County of San Diego, North

9  County Judicial District on December 18, 2007.

10    2.    The Summonses were issued on December 20, 2007.

11    3.    Ferrellgas received service of the Summons and Complaint on January 4, 2008.  A

12  copy of the papers served upon Ferrellgas is attached hereto as Exhibit A.  A copy of Ferrelgas

13  Answer to Plaintiff's Complaint, which was filed in the San Diego Superior Court on January 23,

14  2008 is attached hereto as Exhibit B.  Ferrellgas is informed and believes that no other documents

15  have been filed with the Superior Court other than those attached hereto as Exhibits A and B.

16  There is no indication that Defendants Does 1 to 10 were served nor does Ferrellgas accept service

17  on behalf of any fictitious defendants.

18    4.    This Notice of Removal is being filed within 30 days after service upon Ferrellgas.

19    5.    Plaintiff is a former employee of Ferrellgas in the City of Escondido, San Diego

20  County, California.

21    6.    Plaintiff alleges five Causes of Action ("COA") against Ferrellgas:  employment

22  discrimination in violation of the California Fair Employment and Housing Act [FEHA] (1st

23  COA); retaliation in violation of the California Labor Code § 1102.5 [the Whistleblower Statute]

24  (2nd COA); wrongful discharge in violation of public policy (3rd COA); breach of employment

25  contract (4th COA); wrongful termination in violation of public policy (5th COA).

26    7.    Plaintiff seeks general and special damages (1st, 3rd  and 4th and 5th COAs),

27  exemplary and punitive damages (1st COA); attorneys' fees and expert costs (1st COA); civil

28  penalties not to exceed $10,000 per violation (2nd COA) and costs (all COAs).

286454.1

1

## BASIS FOR FEDERAL COURT JURISDICTION

2      8.    Under 28 U.S.C. §§ 1441 and 1446, Congress has granted defendants such as

3 Ferrellgas the statutory right to remove a case from a state court to the United States district court

4 where that case originally could have been filed. 28 U.S.C. § 1441(a). Article III, Section 2 of the

5 United States Constitution extends original jurisdiction to federal courts over controversies

6 "between citizens of different states." U.S. Const. Art. III; 28 U.S.C. § 1332(a)(1).

7      9.    Removal is proper in this case. This Court has jurisdiction of the action under

8 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and because

9 the amount in controversy, exclusive of interest and costs, exceeds $75,000. See 28 U.S.C.

10 §§ 1332 (a)(1); Complaint ¶¶ 1-5, 23, 29, 40, 43, 44 and prayer for damages; See also Exhibit C,

11 Declaration of Suzanne Kincaid Helmick.

12

## DIVERSITY OF CITIZENSHIP

13      10.    Plaintiff, when the Complaint was filed and currently based upon information and

14 belief is a resident and citizen of California. Complaint, ¶ 1.

15      11.    Ferrellgas, Inc., when the Complaint was filed and currently is a Delaware

16 corporation, registered and doing business as a foreign corporation in California. Id. ¶¶ 2 and 3.

17 Ferrellgas, Inc. maintains its principal place of business in Overland Park, Kansas. Accordingly,

18 for purposes of diversity, Ferrellgas, Inc. is not a resident of California. 28 U.S.C. § 1332(c)(1).

19      12.    Ferrellgas, L.P., when the Complaint was filed and currently is a Delaware Limited

20 Partnership. Id., ¶¶ 2 and 3. Ferrellgas, Inc. maintains its principal place of business in Overland

21 Park, Kansas. Accordingly, for purposes of diversity, Ferrellgas, Inc. is not a resident of

22 California. 28 U.S.C. § 1332(c)(1).

23      13.    Pursuant to 28 U.S.C. § 1441(a), "For purposes of removal under this chapter, the

24 Citizenship of defendants sued under fictitious names shall be disregarded." Furthermore, there is

25 no personal jurisdiction over a defendant that has not been served with the Summons and

26 Complaint. Fed. R. Civ. P. 4(k).

27      14.    Based upon the above allegations, complete diversity of citizenship exists so as to

28 give Ferrellgas a basis to remove this action to federal court. See 28 U.S.C. § 1332(c)(1).

Case No.
Notice of Removal of Action: Under 28 U.S.C.
Section 1332, 1441, and 1446

286454.1

1

## AMOUNT IN CONTROVERSY

2      15.    Plaintiff does not plead in his Complaint the specific amount of damages being

3  claimed.  However, Plaintiff's Complaint seeks lost wages, lost benefits, compensatory damages

4  including damages for his alleged severe emotional distress, punitive and exemplary damages, and

5  civil penalties not to exceed $10,000 per violation, and attorneys' fees and expert costs.  See

6  Complaint, ¶¶ 23, 29, 34, 35, 40, 43, 44 and Prayer for Damages.  Plaintiff does admit on the Civil

7  Cover Sheet filed in the State Court Action that the amount demanded exceeds $25,000.  In the

8  Complaint, he further alleges that the damages in each count exceed the $25,000 jurisdictional

9  limit.  Complaint, ¶¶ 23, 34, 40, 43 and 44.

10      At the time of the termination, Plaintiff had already earned $21,256.96 for 2007, and

11  was well on his way to making an amount comparable to his total compensation for 2005 and 2006.

12  In 2005, Plaintiff made $119,092.07 in total compensation.  For the year 2006, Rudolph Padilla

13  made $115,477.50 in total compensation.  *See* Helmick Decl. (Exh. C).  Plaintiff also seeks to

14  recover lost benefits in addition to this compensation.  When additional damages for civil penalties,

15  emotional distress and compensatory damages, punitive damages, and attorneys' fees are also

16  considered, the amount in controversy exceeds $75,000.  *See, e.g., Gibson v. Chrysler Corp.*, 261

17  F.3d 927, 945 (9th Cir. 2001) (punitive damages considered as part of amount in controversy);

18  *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n. 3 (9th Cir.2000) (attorney's

19  fees).

20      16.    In light of Plaintiff's damage claims, the amount in controversy exceeds $75,000,

21  exclusive of costs and interest.  Because Plaintiff's alleged damages exceed $75,000, the amount in

22  controversy requirement for diversity jurisdiction is satisfied.  28 USC § 1332.

23

## PROPRIETY OF REMOVAL

24      17.    The Notice of Removal is timely because it was filed within thirty (30) days after

25  the receipt of the Complaint in the State Court Action by Ferrellgas.  28 U.S.C. § 1446(b).

26      18.    All named Defendants consent to the removal of this case.

27      19.    This action is not one which is described in 28 U.S.C. § 1445.

28      20.    The Superior Court of the State of California, County of San Diego, North County

4

286454.1

1  Judicial District is located within this District and Division.

2      21.    The amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a).

3      22.    A true copy of this Notice of Removal is being filed with the Clerk of Court for the

4  Superior Court of the State of California, County of San Diego, North County Judicial District.

5      23.    A true copy of this Notice of Removal will be served on Plaintiff by and through his

6  attorney of record.

7      24.    No process, pleadings or others were served upon Defendants in the State Court

8  Action, other than Exhibit A attached hereto.

9      25.    Accordingly, removal of the State Court Action to this Court pursuant to 28 U.S.C.

10 §§ 1441 and 1446 is proper because this Court has jurisdiction over the action pursuant to

11 28 U.S.C. § 1332.

12 Dated: February 1, 2008            CARLTON DiSANTE & FREUDENBERGER LLP
                                      Dave Carothers
13                                    Cindy R. Caplan

14

15                                    By: _____
                                              Cindy R. Caplan
16                                    Attorneys for Defendants
                                      FERRELLGAS, INC. and FERRELLGAS, L.P.

17

18

19

20

21

22

23

24

25

26

27

28

Case No.
Notice of Removal of Action: Under 28 U.S.C.
Section 1332, 1441, and 1446

286454.1

**EXHIBIT  A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
FERRELLGAS, INC., a corporation; FERRELLGAS, L.P.; and
DOES 1 to 10, Inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RUDOLPH PADILLA

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| F I L E D |
| Clerk of the Superior Court |
| DEC 2 0 2007 |
| By:_____ Deputy |
| No. County Division |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court State of California, County of San Diego<br>325 S. Melrose Dr.    (North County Judicial District-Vista)<br>Vista, CA 92081 | CASE NUMBER:<br>*(Número del Caso):* 37-2007-00080518-CU-WT-NC |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James A. Testa (SB#64660); Gregory J. Testa (SB#176318), Testa & Associates, LLP
570 Rancheros Drive, Suite 250, San Marcos, CA 92069    (760)891-0490 / FAX (760)891-0495

| DATE:  DEC 2 0 2007<br>*(Fecha)* | Clerk, by  A WOLCHER<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* FERRELLGAS , L.P.

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☑ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. January 1, 2004) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.<br>www.USCourtForms.com |
| --- | --- | --- |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| James A. Testa (SBN 64660); Gregory J. Testa (SBN 176318)<br>Testa & Associates, LLP<br>570 Rancheros Drive, Suite 250, San Marcos, CA 92069 | |
| TELEPHONE NO.: 760-891-0490    FAX NO. *(Name)*: 760-891-0495 | |
| ATTORNEY FOR *(Name)*: Plaintiff, RUDOLPH PADILLA | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
| STREET ADDRESS: 325 S. Melrose Dr. | |
| MAILING ADDRESS: Vista, CA 92081 | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: North County Judicial Branch | |

| CASE NAME:<br>RUDOLPH PADILLA v. FERRELLGAS, INC., et al. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>37-2007-00080518-CU-WT-NC |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: 5
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 14, 2007

Gregory J. Testa, Testa & Associates, LLP
_____
(TYPE OR PRINT NAME)          ► _____
                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

7

1-4-08
2:35m

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
FERRELLGAS, INC., a corporation; FERRELLGAS, L.P.; and
DOES 1 to 10, Inclusive

**F I L E D**
Clerk of the Superior Court

**DEC 20 2007**

By:_____Deputy
No. County Division

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
RUDOLPH PADILLA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es:)
Superior Court State of California, County of San Diego
325 S. Melrose Dr.    (North County Judicial District-Vista)
Vista, CA 92081

**CASE NUMBER:**
**(Número del Caso):** 37-2007-00080518-CU-WT-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
James A. Testa (SB#64660); Gregory J. Testa (SB#176318), Testa & Associates, LLP
570 Rancheros Drive, Suite 250, San Marcos, CA  92069      (760)891-0490 / FAX (760)891-0495

DATE: **DEC 20 2007**                              Clerk, by  A Woigner                    , Deputy
(Fecha)                                              (Secretario)                              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons. (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [✓] on behalf of (specify): FERRELLGAS, INC. A CORPORATION
   under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [ ] other (specify):
4. [ ] by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
James A. Testa (SB#64660); Gregory J. Testa (SB#176318)
Testa & Associates, LLP
570 Rancheros Drive, Suite 250, San Marcos, CA 92069

TELEPHONE NO. 760-891-0490          FAX NO: 760-891-0495
ATTORNEY FOR *(Name):* Plaintiff, RUDOLPH PADILLA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 325 S. Melrose Dr.
MAILING ADDRESS: Vista, CA 92081
CITY AND ZIP CODE:
BRANCH NAME: North County Judicial Branch

FOR COURT USE ONLY

**CASE NAME:**
RUDOLPH PADILLA v. FERRELLGAS, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2007-00080518-CU-WT-NC |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 5
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 1?, 2007

Gregory J. Testa, Testa & Associates, LLP
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

9

1  JAMES A. TESTA (SB#64660)
   GREGORY J. TESTA (SB#176318)
2  TESTA & ASSOCIATES, LLP
   570 Rancheros Drive, Suite 250
3  San Marcos, California  92069
   (760)891-0490 / FAX (760)891-0495
4

5  Attorney for Plaintiff, RUDOLPH PADILLA

6

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10        COUNTY OF SAN DIEGO – NORTH COUNTY JUDICIAL DISTRICT

11

12  RUDOLPH PADILLA,                    )    CASE NO. 37-2007-00080518-CU-WT-NC
                                        )    COMPLAINT FOR:
13                    Plaintiff,        )    1.  Employment Discrimination Under
                                        )    California Fair Employment and Housing
14                                      )    Act
                                        )    2. Retaliation in Violation of California
15  -vs-                               )    Labor Code Section 1102.5
                                        )    3.  Wrongful Discharge in Violation of
16  FERRELLGAS, INC., a corporation;    )    Public Policy
    FERRELLGAS, L.P.; and DOES 1 to 10, )    4.  Breach of Employment Contract
17  Inclusive,                          )    5.  Wrongful Termination in Violation
                                        )    in Violation of Public Policy
18                    Defendants.       )
                                        )
19  _____)

20

21        1.    Plaintiff RUDOLPH H. PADILLA III is, and at all times herein mentioned was,

22  an individual residing in Vista, San Diego County, California.   This action arises out of

23  Plaintiff's employment in Escondido, San Diego County, California and therefore, venue is

24  appropriate in this judicial district.

25        2.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

26  FERRELLGAS, INC. is, and at all times herein mentioned was, a corporation organized and

27

28

                                      -1-

existing under the laws of the State of Delaware, and doing business in the City of Escondido, San Diego County, California.

3.    Plaintiff is informed and believes, and based thereon alleges that Defendant FERRELLGAS, L.P. is, and at all times herein mentioned was, a limited partnership organized and existing under the laws of the State of Delaware, and doing business in the City of Escondido, San Diego County, California.

4.    Defendants FERRELLGAS, INC. and FERRELLGAS, L.P., hereinafter collectively referred to as "FERRELLGAS".

5.    Plaintiff was employed by FERRELLGAS dba Blue Rhino, from May 17, 1999 through February 2, 2007, working his way up through FERRELLGAS' Blue Rhino division starting in the delivery/installation division.

6.    In 2004, Plaintiff was enticed by Blue Rhino to relocate his family from the Los Angeles area to the San Diego area where he became the General Manager of the San Diego division of Blue Rhino.

.7.    During his employment, Plaintiff's efforts made the San Diego division successful and profitable. Plaintiff received numerous company awards on growth, service and delivery costs.

8.    In or around approximately April, 2005, Plaintiff informed Defendants that the propane cylinder exchange yard being operated in the City of Turlock was not in compliance with applicable laws and regulations in that the site was not approved for storage of propane tanks due to its proximity adjacent to the Turlock municipal airport.

9.    Defendants failed and refused to address Plaintiff's complaints and instead required that Plaintiff continue to operate the yard and to "be creative". Plaintiff was not

-2-

1   provided with support from management in order to obtain the proper real estate required for use

2   in the business of hazardous materials storage and distribution.

3       10.    On or about January 8, 2007, Plaintiff received a telephone call from Jay Werner,

4
    Vice-President of Operations for Blue Rhino, informing him that beginning the next week, he
5

6   would be expected to spend 4-5 days per week in Northern California which would require

7   significant periods of time away from his family in San Diego.  In addition, Defendants advised

8   Plaintiff to continue to staff the Turlock yard and search for a suitable replacement site, despite

9   the fact that the Turlock facility was not within his job description.
10

11      11.    Plaintiff advised Defendants that he was not interested in traveling to Northern

12  California for significant time periods and objected to the illegal operation of the Turlock

13  facility.    Defendants refused to accommodate Plaintiff's objections and turned over the

14  responsibility for the San Diego region to another employee, who is white and was less qualified
15

16  for the position of General Manager.

17      12.    During Plaintiff's employment, Plaintiff overheard management make derogatory

18  remarks about Mexican employees.  At one point, in or around approximately January, 2006,

19  during a conversation with the Regional Vice President, Plaintiff was advised that it might be a

20  good idea to update his resume since he did not fit the FERRELLGAS "mold".  When Plaintiff
21

22  inquired as to what that mold was, the Regional Vice President said, "you know, the middle

23  aged, white male".

24      13.    Due to the intolerable working conditions Plaintiff was required to endure,

25  including the operation of the illegal Turlock facility, and the fact that Plaintiff did not fit the

26  "mold" of Defendants FERRELLGAS, Plaintiff was forced to resign on or about February 2,
27
    2007.
28

-3-

# FIRST CAUSE OF ACTION

## (Employment Discrimination under California Fair Employment and Housing Act

## ("FEHA") against All Defendants)

14.    Plaintiff repeats, realleges, and incorporates herein by reference the allegations contained in paragraphs 1 through 14, inclusive, of the Complaint as though set forth here in full.

15.    FEHA (Government Code Section 12920) declares the strong public policy of the state of California that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation."

16.    FEHA (Government Code Section 12920.5) further declares that "[i]n order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons.

17.    FEHA (Government Code Section 12921) further declares that the "opportunity to seek, obtain and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation is hereby recognized as and declared to be a civil right."

18.    Plaintiff is informed and believes, and based thereon alleges that at all times mentioned herein, Defendants FERRELLGAS were "employers" within the meaning of Government Code Section 12926(d) and regularly employed five or more employees.

19.    Plaintiff is a member of a protected class based upon his race as a Mexican American.

-4-

20.    Defendants discriminated against Plaintiff based upon his race as a Mexican American by replacing him as the General Manager for the San Diego region with another employee who is white and less qualified and creating intolerable working conditions resulting in his constructive discharge.  As set forth in this Complaint, Defendants have engaged in conduct that constitutes an unlawful employment practice within the meaning of Government Code Section 12940.

21.    At all times relevant herein, Plaintiff was willing to perform the duties of the General Manager for the San Diego region, until Defendants' actions made it intolerable and unreasonable for him to continue to do so.

22.    Plaintiff is informed and believes, and based thereon alleges, that Plaintiff's race was a substantial and determining factor in Defendants' decision to replace him as the General Manager for the San Diego region and to impose unreasonable and intolerable working conditions upon him in order to constructively discharge him from employment.

23.    As a direct, foreseeable and proximate result of Defendants' discriminatory actions, Plaintiff has suffered, and will continue to suffer substantial losses in earnings and benefits, and has suffered humiliation, embarrassment, mental and emotional distress, all to Plaintiff's damage in excess of the jurisdictional limits of this Court, to be proven at the time of trial.  In addition, Defendants and each of them acted for the purpose of causing plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

24.    On or about June 8, 2007, Plaintiff filed a discrimination and retaliation complaint with the Department of Fair Employment and Housing.  At Plaintiff's request, the Department

1   issued a right to sue letter on or about June 11, 2007, a true and correct copy of which is attached

2   to the Complaint as Exhibit "1" and incorporated herein by this reference.

3                               SECOND CAUSE OF ACTION

4   (Retaliation in Violation of California Labor Code Section 1102.5 (the "Whistle Blower

5                               Statute") against All Defendants)

6

7       25.    Plaintiff repeats, realleges and incorporates herein by reference the allegations

8   contained in paragraphs 1 through 24, inclusive, of the Complaint as though set forth here in full.

9       26.    In complaining about the continued operation of the Turlock yard, and in refusing

10  to continue in his employment if required to operate the Turlock yard in violation of law,

11

12  Plaintiff was engaged in a protected activity.  Plaintiffs informed and believes, and based thereon

13  alleges, that Defendants took the actions as herein alleged in retaliation for Plaintiff complaining

14  to management about the illegal operation of the Turlock yard and that such actions constitute

15  adverse employment actions against Plaintiff.

16

17      27.    Pursuant to the provisions of Labor Code Section 1102.5(a), "[a]n employer may

18  not make, adopt, or enforce any rule, regulation, or policy preventing an employee from

19  disclosing information to a government or law enforcement agency, where the employee has

20  reasonable cause to believe that the information discloses a violation of state or federal statute, or

21

22  a violation or noncompliance with a state or federal rule or regulation."

23      28.    Pursuant    to    the    provisions    of    Labor    Code    Section    1102.5(c),

24  "[a]n employer may not retaliate against an employee for refusing to participate in an activity

25  that would result in a violation of state or federal statute, or a violation or noncompliance with a

26  state or federal rule or regulation."

27

28

                                        -6-

                                        15

29.     Pursuant to the provisions of Labor Code Section 1102.5(f), Defendants are liable for civil penalties not exceeding $10,000 per violation.

30.     On or about June 8, 2007, Plaintiff filed a discrimination and retaliation complaint with the Department of Fair Employment and Housing.  At Plaintiff's request, the Department issued a right to sue letter on or about June 11, 2007, a true and correct copy of which is attached to the Complaint as Exhibit "1" and incorporated herein by this reference.

## THIRD CAUSE OF ACTION

### (Wrongful Discharge in Violation of Public Policy Against All Defendants)

31.     Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 30, inclusive, of the Complaint as though set forth here in full.

32.     By imposing unreasonable and intolerable working conditions as hereinabove alleged, Plaintiff was constructively discharged from his employment.

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants imposed intolerable and unreasonable working conditions upon Plaintiff in retaliation for his complaints concerning the illegal operation of the Turlock yard and in discrimination of Plaintiff's protected status as a Mexican American employee.

34.     As a result of Defendants' actions of discrimination and retaliation, Plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits and severe emotional distress, in excess of the jurisdictional limits of this Court and in an amount to be proven at the time of trial.

35.     Defendants and each of them acted for the purpose of causing plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

-7-

16

## FOURTH CAUSE OF ACTION

### (Breach of Employment Contract Against All Defendants)

36.    Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 35, inclusive, of the Complaint as though set forth here in full.

37.    Pursuant to Plaintiff's oral employment agreement with Defendants, Defendants agreed that Plaintiff would not be demoted or discharged except for good cause and that Plaintiff would be evaluated in a fair and objective manner.

38.    Plaintiff duly performed all conditions, covenants and promises under the agreement to be performed on his part. Plaintiff has at all times been ready, willing and able to perform all of the conditions of the agreement to be performed by him.

39. As a result of the above-described conduct, defendants breached their agreement with plaintiff by subjecting plaintiff to arbitrary, unfair and intolerable working conditions as described hereinabove, resulting in Plaintiff's wrongful constructive discharge from employment.

40. As a result of defendants' breach of contract, plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, in excess of the jurisdictional limits of this Court in an amount to be proven at the time of trial.

## FIFTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy Against All Defendants)

41.    Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 40, inclusive, of the Complaint as though set forth here in full.

42.    The above-described conduct of Defendants constitutes racial discrimination and retaliation in violation of the public policies embodied in the FEHA and Labor Code.

-8-

*Rudolph Padilla v. Ferrellgas, Inc., et al. –*

43.   As a result of defendants' wrongful termination of him, Plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

44.   Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for damages against Defendants and each of them, as follows:

AS TO THE FIRST CAUSE OF ACTION:

1.   For general and special damages according to proof at trial.

2.   For exemplary and punitive damages.

3.   For an award of reasonable attorney's fees and expert costs incurred herein pursuant to Government Code Section 12965(b).

AS TO THE SECOND CAUSE OF ACTION:

1.   For civil penalties not to exceed $10,000 per violation.

AS TO THE THIRD AND FIFTH CAUSES OF ACTION:

1.   For general and special damages according to proof at trial.

2.   For exemplary and punitive damages.

///

///

///

-9-

AS TO THE FOURTH CAUSE OF ACTION:

1.      For general and special damages according to proof at trial.

AS TO ALL CAUSES OF ACTION:

1.      For costs of suit incurred herein.

2.      For such further relief as the Court may deem just and proper.


DATED: 12-14-07

GREGORY J. TESTA, TESTA & ASSOCIATES, LLP
Attorney for Plaintiff, RUDOLPH PADILLA

-10-

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES    CY                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1 350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681 TTY (800) 700-2320 Fax (619) 645-2683
www.dfeh.ca.gov



June 11, 2007

RUDOLPH H. PADILLA
1197 Drifting Circle Drive
Vista, CA 92081

RE:    E200607D1491-00-rc
       PADILLA/FERRELLGAS LP

Dear RUDOLPH H. PADILLA:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 8, 2007 because an immediate right-to-sue notice was requested.  DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

**EXHIBIT** 1

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

*Belinda Le Doux*

Belinda LeDoux
District Administrator

cc:    Case File

Director
Human Resources/Personnel
FERRELLGAS LP
One Liberty Plaza
Liberty, MD  64068

DFEH-200-43 (06/06)

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E 2E07-0-1491-00 rc

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (Indicate Mr. or Ms.)  *Mr. Rudolph H Padilla*

TELEPHONE NUMBER (INCLUDE AREA CODE)  *760·295·6503*

ADDRESS  *1197 Drifting Circle Dr.*

CITY/STATE/ZIP  *Vista, CA 92081*

COUNTY  *San Diego*     COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME  *Ferrellgas LP , Mr. Jay Werner*

TELEPHONE NUMBER (Include Area Code)  *816-792-0100*

DFEH USE ONLY

ADDRESS  *One Liberty Plaza*

CITY/STATE/ZIP  *Liberty, MO 64068*

COUNTY  *Forsyth*     COUNTY CODE

RESPONDENT CODE

NO. OF EMPLOYEES/MEMBERS (If known)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)

THE PARTICULARS ARE:

On *January 9th, 2007* I was

___ fired
___ laid off
___ demoted
___ harassed
___ genetic characteristics testing
X forced to quit

___ denied employment
___ denied promotion
___ denied transfer
___ denied accommodation
___ impermissible non-job-related inquiry
___ other (specify)

___ denied family or medical leave
___ denied pregnancy leave
___ denied equal pay
___ denied right to wear pants
___ denied pregnancy accommodation

by *Jay Werner     Operations Director , Blue Rhino*
Name of Person     Job Title (supervisor/manager/personnel director/etc.)

because of my: ___ sex
___ age
___ religion
X race/color

___ national origin/ancestry
___ marital status
___ sexual orientation
___ association

___ physical disability
___ mental disability

___ cancer
___ genetic characteristic

X other (specify) *reporting illegal company activity*

___ (Circle one) filing;
Protesting; participating in investigation (retaliation for)

the reason given by *Jay Werner     Operations Director*
Name of Person and Job Title

Was because of [please state what you believe to be reason(s)]

*San Diego Performance and to focus on Northern California.*

*Because of my race and reporting of illegal work.*

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated *6-4-07*

COMPLAINANT'S SIGNATURE

At *Vista*
City

RECEIVED

JUN 0 8 2007

SAN DIEGO
DISTRICT OFFICE

STATE OF CALIFORNIA

DATE FILED: *6-8-07*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:        325 S. Melrose | |
| MAILING ADDRESS:    325 S. Melrose | |
| CITY AND ZIP CODE:    Vista, CA 92081 | |
| BRANCH NAME:        North County | |
| TELEPHONE NUMBER: (760) 806-6349 | |

| PLAINTIFF(S) / PETITIONER(S):    Rudolph Padilla | |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): Ferrellgas, Inc. et.al. | |

| PADILLA VS. FERRELLGAS, INC. | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2007-00080518-CU-WT-NC |

Judge: Thomas P. Nugent                                        Department: N-30

**COMPLAINT/PETITION FILED:** 12/18/2007

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                                                                    Page: 1
**NOTICE OF CASE ASSIGNMENT**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

CASE NUMBER: 37-2007-00080518-CU-WT-NC    CASE TITLE: Padilla vs. Ferrellgas, Inc.

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

SDSC CIV-730 (Rev 12-06)    Page: 1

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (760) 726-4900.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

SDSC CIV-730 (Rev 12-06)

Page: 2

2

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:      325 S. Melrose<br>MAILING ADDRESS:      325 S. Melrose<br>CITY, STATE, & ZIP CODE: Vista, CA 92081-6695<br>BRANCH NAME:      North County | |

| |
|---|
| PLAINTIFF(S):   Rudolph Padilla |
| DEFENDANT(S): Ferrellgas, Inc. et.al. |
| SHORT TITLE:   PADILLA VS. FERRELLGAS, INC. |

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS**<br>**(CRC 3.221)** | CASE NUMBER:<br>37-2007-00080518-CU-WT-NC |
|---|---|

Judge: Thomas P. Nugent                                                                Department: N-30

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                    ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                              ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                          ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                              ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only)   _____

Date: _____        Date: _____

_____        _____
Name of Plaintiff                                                Name of Defendant

_____        _____
Signature                                                         Signature

_____        _____
Name of Plaintiff's Attorney                                  Name of Defendant's Attorney

_____        _____
Signature                                                         Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 12/20/2007                                          _____
                                                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

3

1   CARLTON DiSANTE & FREUDENBERGER LLP
        Dave Carothers, State Bar No. 125536
2       Cindy R. Caplan, State Bar No. 203868
    4510 Executive Drive
3   Suite 300
    San Diego, California 92121
4   Telephone: (858) 646-0007
    Facsimile: (858) 646-0008
5   E-Mail: dcarothers@cdflaborlaw.com
            ccaplan@cdflaborlaw.com
6
    Attorneys for Defendant
7   FERRELLGAS, INC. and FERRELLGAS, L.P.

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

10

11  RUDOLPH PADILLA,                    )   Case No. 37-2007-00080518-CU-WT-NC
                                        )
12              Plaintiff,              )   Judge Hon. Thomas P. Nugent
         v.                             )   Dept. N-30
13                                      )
    FERRELLGAS, INC., a corporation;    )   DEFENDANTS FERRELLGAS, INC.
14  FERRELLGAS, L.P.; and DOES 1 to 10, )   AND FERRELLGAS L.P.'S ANSWER TO
    Inclusive,                          )   PLAINTIFF'S COMPLAINT
15                                      )
                Defendants.             )
16                                      )

17

18

19

20

21

22

23

24

25

26

27

28

                                          1

286028.1

1     Defendants FERRELLGAS, INC. and FERRELLGAS, L.P. (hereinafter "FERRELLGAS,"

2  or "Defendants") answer the unverified Complaint for Damages ("Complaint") of Plaintiff

3  Rudolph Padilla ("Plaintiff") as follows:

### GENERAL DENIAL

5     Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure,

6  these answering Defendants generally deny each and every allegation contained in the Complaint,

7  including each and every purported cause of action contained therein, and specifically deny that

8  Defendants have damaged Plaintiff in any manner, amount or sum whatsoever.

9     Further answering Plaintiff's Complaint, and the whole thereof, including each and every

10 purported cause of action contained therein, these answering Defendants deny that Plaintiff has

11 sustained any injury, damage or loss, if any, by reason of any act or omission on the part of these

12 answering Defendants.[1]

### AFFIRMATIVE DEFENSES

14     Defendants have not completed their investigation of the facts of this case, have not

15 completed discovery in this matter, and have not completed their preparation for trial.    The

16 affirmative defenses asserted herein are based on Defendants' knowledge, information and belief at

17 this time, and Defendants specifically reserve the right to modify, amend or supplement any

18 affirmative defense contained herein at any time.

19     Without conceding that they bear the burden of proof or persuasion as to any one of them,

20 Defendants allege the following separate affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

23     1.     As and for a First, Separate and Affirmative Defense to the Complaint, and to each

24 purported cause of action contained therein, Defendants allege that the Complaint, and each

25 purported cause of action therein, fails to state a claim upon which relief may be granted.

26

27 _____

[1] This answer is not intended as a waiver of any rights, including Defendants' right to remove this
28 case to United States District Court.

2                    Case No.  37-2007-00080518-CU-WT-NC
                          Answer to Plaintiff's Complaint

286028.1

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

2.    As and for a Second, Separate and Affirmative Defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff is barred from making the claims set out in the Complaint to the extent that his claims exceed the scope of his Charge of Discrimination, or are based on actions that were not the subject of a timely filed Charge of Discrimination.

## THIRD AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

3.    As and for a Third, Separate and Affirmative Defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that to the extent that any actions contested by Plaintiff occurred outside of the applicable limitations period, such claims are barred as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

4.    As and for a Fourth, Separate and Affirmative Defense to the Complaint, and to each purported cause of action contained therein, Plaintiff is barred, in whole or in part, from asserting any cause of action against, or recovering any damages from, Defendants because the actions of Defendants respecting the subject matters in the alleged causes of action, and each of them, were undertaken in good faith and based upon reasonable factors other than race or alleged retaliation.

## FIFTH AFFIRMATIVE DEFENSE

5.    As and for a Fifth, Separate and Affirmative Defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that as to each cause of action stated in the Complaint, Defendants would have made the same decision regardless of any purported illegal or improper motive.

3

Case No.  37-2007-00080518-CU-WT-NC
Answer to Plaintiff's Complaint

286028.1

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.    As and for a Sixth, Separate and Affirmative Defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that as to each cause of action stated in the Complaint, Plaintiff has engaged in conduct and activities such that his claim for damages or any relief against Defendants is barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Preventive Policies in Place)

7.    As and for a Seventh, Separate and Affirmative Defense to the Complaint and to each purported cause of action contained therein, Defendants allege that Plaintiff's claim for punitive damages fails because Defendants had in place polices against the conduct alleged, including discrimination and retaliation, and Plaintiff failed to avail himself of the remedial measures therein.

## EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

8.    As and for an Eighth, Separate and Affirmative Defense to the Complaint and to each purported cause of action contained therein, Defendants allege that Plaintiff's prayer for punitive damages is unconstitutional because it seeks to impose an excessive fine within the meaning of the Excessive Fines Clause of the Eighth Amendment to the Constitution of the United States and/or § 17 of Article I of the Constitution of the State of California.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Causal Connection)

9.    As and for a Ninth, Separate and Affirmative Defense to the Complaint and to each purported cause of action contained therein, Defendants allege that, to the extent Plaintiff has suffered compensatory or emotional distress damages, there are intervening and other causes for such damages other than any actions by Defendants.

4

Case No. 37-2007-00080518-CU-WT-NC
Answer to Plaintiff's Complaint

286028.1

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

10.   As and for a Tenth, Separate and Affirmative Defense to the Complaint and to each purported cause of action contained therein, Defendants allege that Plaintiff has failed to mitigate his damages, including, but not limited to his actions in ending his employment.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reserved Affirmative Defense)

11.   As and for an Eleventh, Separate and Affirmative Defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that it presently has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses.  Defendants therefore reserve the right to assert additional affirmative defenses (including, but not limited to, the after-acquired evidence defense and unclean hands) in the event discovery indicates it would be appropriate.

## TWELFTH AFFIRMATIVE DEFENSE

### (Justification)

12.   As and for a Twelfth, Separate and Affirmative Defense to the Complaint and to each purported cause of action contained therein, Defendants are informed and believe and thereon allege that Defendants' alleged conduct was justified under the circumstances.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusive Remedy)

13.   As and for a Thirteenth, Separate and Affirmative Defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that, as to any claim by Plaintiff for physical, mental or emotional distress, said claim is barred by California Labor Code §§ 3600 *et seq.*, which provides that workers' compensation is Plaintiff's exclusive remedy.

5

Case No.  37-2007-00080518-CU-WT-NC
Answer to Plaintiff's Complaint

286028 1

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Prompt Investigation)

14.   As and for a Fourteenth, Separate and Affirmative Defense to the Complaint and to each purported cause of action contained therein, Defendants allege that at the time of the alleged events, Defendants promptly investigated and came to a resolution of the matter, thus barring Plaintiff's claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Employment Terminable at Will)

15.   As and for a Fifteenth, Separate and Affirmative Defense to the Complaint and to each purported cause of action contained therein, Defendants allege that Plaintiff's employment was terminable at the will of either said Plaintiff or Plaintiff's employer under California Labor Code § 2922.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

16.   As and for an Sixteenth, Separate and Affirmative Defense to the Complaint, and to each purported cause of action contained therein, Plaintiff's Complaint fails to set forth any facts that would constitute the basis for an award of attorneys' fees against Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply With Labor Code §§ 2854, 2856, 2858)

17.   As and for a Seventeenth, Separate and Affirmative Defense to the Complaint, and to each purported cause of action contained therein, Plaintiff's claims are barred, in whole or in part, because Plaintiff did not comply substantially with all the directions of his employer concerning the service in which he was engaged, because Plaintiff did not exercise a reasonable degree of skill in performing employment services for his employer, and/or because Plaintiff did not perform the services that he agreed to perform for his employer and did not use ordinary care and diligence in carrying out services for his employer.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Apportionment of Fault)

6                   Case No.  37-2007-00080518-CU-WT-NC
                         Answer to Plaintiff's Complaint

286028.1

1       18.    As and for a Eighteenth, Separate and Affirmative Defense to the Complaint, and to

2  each purported cause of action contained therein, Defendants deny responsibility for any of the

3  damages or losses alleged in the Complaint on file herein; however, if Defendants are found to be

4  responsible (which supposition is denied and merely stated for the purpose of this affirmative

5  defense), then Defendants provisionally allege that Defendants' conduct is not the sole and

6  proximate cause of the resultant damages and losses. Any damages awarded to Plaintiff must be

7  apportioned according to the respective fault and legal responsibility of all parties, persons and

8  entities, or their agents, servants, and employees who contributed to and/or caused said resultant

9  damages as alleged, according to the proof presented at the time of trial. To assess any greater

10 percentage of fault and damages against Defendants in excess of its percentage of fault would be a

11 denial of California equal protection and due process and Federal equal protection and due process,

12 all guaranteed by the respective Constitutions.

13                     **PRAYER**

14 WHEREFORE, Defendants pray for judgment as follows:

15      1.    That the Complaint be dismissed with prejudice;

16      2.    That Plaintiff take nothing by reason of the Complaint or otherwise;

17      3.    That Defendants be awarded their costs of suit incurred herein, including reasonable

18 attorneys' fees; and,

19      4.    For such other and further relief that this Court may deem just and proper.

20

21

22 Dated: January 30, 2008          CARLTON DiSANTE & FREUDENBERGER LLP

23                              Dave Carothers
                              Cindy R. Caplan

24

25                        By: _____

26                                Cindy R. Caplan
                       Attorneys for Defendants

27                        FERRELLGAS, INC. and FERRELLGAS, L.P.

28

                    7              Case No. 37-2007-00080518-CU-WT-NC
                                         Answer to Plaintiff's Complaint

286028.1

1 | **Rudolph Padilla v. Ferrellgas, Inc., et al.**
**San Diego Superior Court, Case No.: 37-2007-00080518-CU-WT-NC**

2

3 | ## PROOF OF SERVICE

4

5 | STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

6

7 | I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 4510 Executive Drive, Suite 300, San Diego, California 92121. On January 30, 2008, I served upon the interested

8 | party(ies) in this action the following document described as:

9 | ### DEFENDANTS FERRELGAS, INC. AND FERRELLGAS L.P.'S
### ANSWER TO PLAINTIFF'S COMPLAINT

10

11 | By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as stated below for processing by the following method:

12 | JAMES A. TESTA, ESQ.
GREGORY J. TESTA, ESQ.

13 | TESTA & ASSOCIATES, LLP
570 RANCHEROS DRIVE, SUITE 250

14 | SAN MARCOS, CA 90269

15 | [X] By depositing such envelope(s) with postage thereon fully prepaid in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the

16 | United States Postal Service in San Diego, California.

17 | I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19 | Executed on January 30, 2008, at San Diego, California.

20 | Leslie Rivera Mason
(Type or print name)                                          (Signature)

21

22

23

24

25

26

27

28

286344.1

**EXHIBIT C**

## DECLARATION OF SUZANNE KINCAID HELMICK

Pursuant to 28 U.S.C. 1746, I declare, under penalty of perjury, as follows:

1.      I am Suzanne Kincaid Helmick, and I work as the Manager of Human Relations for Blue Rhino, a Division of Ferrellgas.  I am over 18 years of age and have personal knowledge of the information stated below.

2.      For the year 2005, Rudolph Padilla made $119, 092.07 in total compensation.

3.      For the year 2006, Rudolph Padilla made $115, 477.50 in total compensation.

4.      For the year 2007, Rudolph Padilla made $21,256.96 in total compensation through the end of his employment, and was on track to make total compensation at least comparable to his 2005 and 2006 amounts.

5.      The foregoing is true and correct to the best of my knowledge.

Suzanne Kincaid Helmick, SPHR
Manager Human Resources
Blue Rhino
A Division of Ferrellgas

1

**PROOF OF SERVICE**

2

**RUDOLPH PADILLA v. FERRELLGAS, INC., et al.**

3

4

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

5

6    I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 4510 Executive Drive, Suite 300, San Diego, California 92121. On February 1, 2008, I served upon the interested

7    party(ies) in this action the following document described as:

8    **CIVIL COVER SHEET; DEFENDANT FERRELLGAS INC., AND FERRELLGAS L.P.'S NOTICE OF INTERESTED PARTIES; and NOTICE OF REMOVAL OF ACTION:**

9    **UNDER 28 U.S.C. SECTION 1332, 1441 AND 1446**

10    By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as stated below for processing by the following method:

11

12    James A. Testa
      Testa & Associates, LLP
      570 Rancheros Drive, Suite 250

13    San Marcos, CA 92069

14    [X]    By placing such envelope(s) designated by the appropriate express service carrier with delivery fees prepaid or otherwise provided for into Carlton DiSante & Freudenberger

15    LLP's interoffice mail for collection and express delivery pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP

16    for collecting and processing express deliveries, which practice is that when express deliveries are deposited with the Carlton DiSante & Freudenberger LLP personnel

17    responsible for handling express deliveries, such mail is deposited that same day in a box or other facsimile regularly maintained by Federal Express or other like facility regularly

18    maintained for overnight delivery.

19    Executed on February 1, 2008, at San Diego, California.

20    I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

21

22    _____          _____
              Janice P. James                              (Signature)

23              (Type or print name)

24

25

26

27

28

CARLTON DiSANTE &
FREUDENBERGER LLP

286454.1

6

Case No.
Notice of Removal of Action: Under 28 U.S.C.
Section 1332, 1441, and 1446

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RUDOLPH PADILLA

### DEFENDANTS
FERRELLGAS, INC., a corporation; FERRELLGAS, L.P.; and DOES 1 to 10, inclusive

FILED

2008 FEB -1 AM 11: 35

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James A. Testa, Esq.
Gregrory J. Testa, Esq.
Testa & Associates, LLP
570 Rancheros Drive, Suite 250
San Marcos, CA 90269

Attorneys (If Known)
Dave Carothers / Cindy R. Caplan
Carlton DiSante & Freudenberger LLP
4510 Executive Drive, Suite 300
San Diego, CA 92121

'08 CV 0196 JLS BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332, 1441, and 1446

Brief description of cause:
Employment Discrimination, Retaliation and Wrongful Termination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions:)
JUDGE _____    DOCKET NUMBER _____

DATE 1/31/2008

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # 147113    AMOUNT $350    2/1/08 BY    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 147113   — BH

## February 01, 2008
## 11:37:29

### Civ Fil Non-Pris
USAO #.: 08CV0196 CIVIL FILING
Judge..: JANIS L. SANMARTINO
Amount.:                    $350.00 CK
Check#.: BC# 66339


Total–>   $350.00


FROM: PADILLA V. FERRELLGAS INC
      CIVIL FILING